JUDGMENT: Judgment affirmed.
ATTORNEYS:
 OPINION
Defendant-Appellant, John Paul Straughn ("Appellant"), appeals the decision of the Logan County Court of Common Pleas adjudicating him to be a sexual predator pursuant to R.C. 2950.09. For the following reasons, we affirm the judgment of the trial court.
In May of 1997, Appellant was indicated on one count of rape, in violation of R.C. 2907.02(A)(2), and one count of aggravated burglary, in violation of R.C. 2911.11(A)(1). Both offenses are felonies of the first degree.[1]
On July 10, 1997, in accordance with plea negotiations, the State agreed to dismiss the aggravated burglary charge in exchange for Appellant's guilty plea to the charge of rape. The trial court accepted Appellant's guilty plea and sentenced him to a term of eight years in prison.
While serving his term in prison, the Ohio Department of Rehabilitation and Corrections recommended that Appellant be classified as a sexual predator. A hearing was held on December 30, 1998, in the Logan County Court of Common Pleas. By judgment entry on January 5, 1999, the trial court found that Appellant was a sexual predator pursuant to R.C. 2950.09.
Appellant now appeals, asserting the following sole assignment of error.
Assignment of Error
 The trial court erred in finding the Appellant to be a sexual predator pursuant to the provisions of Revised Code Section 2950.09, in that said finding was not supported by sufficient credible evidence.
Appellant asserts in his sole assignment of error that the trial court erred in finding that he is a sexual predator. Specifically, Appellant maintains that the trial court's decision that he is likely to engage in the future in one or more sexually oriented offenses is not supported by sufficient evidence. For the following reasons, we do not agree.
We first note that R.C. 2950.01(E) defines the term "sexual predator" as follows:
 A person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
R.C. 2950.09(B)(2) sets forth the factors that a trial court should consider when determining an offender's status as a sexual predator:
 In making a determination * * * as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
(c) The age of the victim of the sexually oriented offense * * *;
 (d) Whether the sexually oriented offense * * * involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C)(2) states that after reviewing all of the testimony, evidence, and the factors listed in R.C. 2950.09(B)(2), the court "shall determine by clear and convincing evidence whether the offender is a sexual predator." Thus, there must be sufficient evidence, as a matter of law, for the trial court to find by clear and convincing evidence that Appellant is a sexual predator. The standard of clear and convincing evidence is as follows:
 [T]hat measure or degree of proof which is more than a mere `preponderance of the evidence', but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v. Ledford (1954), 161 Ohio St. 469.
When considering the sufficiency of the evidence, our review of the trial court's determination is limited to whether there is sufficient probative evidence to support the trier of fact's finding as a matter of law. State v. Thompkins (1997), 78 Ohio St.3d 380,386. Thus, the question regarding sufficiency of the evidence is whether the evidence against the Appellant, if believed, would support the determination that Appellant is a sexual predator. See Id. at 390.
In the case before us, it is undisputed that Appellant pled guilty to one count of rape. The offense of rape qualifies as a "sexually oriented offense" under R.C. 2950.01(D). The issue in Appellant's sexual predator hearing, therefore, was whether Appellant was "likely to engage in the future in one or more sexually oriented offenses."
In the case before us, the enumerated factors of R.C.2950.09(B)(2) either weigh against a finding of sexual predator status, weigh in favor of a finding of sexual predator status, or bear no relevance to the determination. The factors that weigh against a finding of sexual predator status are the following: the Appellant was age 31 at the time of the offense; he had no prior juvenile or adult record;[2] the case did not involve multiple victims; and the offense did not involve the use of drugs or alcohol to impair the victim.
The factors that weigh in favor of a finding of sexual predator status are the following: the nature of the Appellant's conduct and contact with the victim, as well as Appellant's display of cruelty toward the victim. In support of this contention, the record reveals that on October 18, 1996, without her permission, Appellant entered the home of the victim while she was sleeping.[3] Appellant went into the victim's bedroom, placed his hand over her mouth, and threatened to stab her if she did not keep quiet. Appellant then forcibly raped the victim both orally and vaginally.[4]
A psychiatric evaluation prepared by Susan Perry Dyer, a forensic psychologist with the Forensic Psychiatry for Western Ohio, indicates that an offender who commits a rape of an adult female has a higher rate of recidivism. Thus, according to the evaluation, Appellant falls into a higher risk category for recidivism.
For the foregoing reasons, we find that the trial court had sufficient evidence before it from which to determine by clear and convincing evidence that Appellant is likely to commit a sexually oriented offense in the future. Consequently, we cannot find that the evidence was insufficient as a matter of law to support the trial court's determination that Appellant is a sexual predator.
 Accordingly, Appellant's assignment of error is not well-taken and is overruled.
Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, we affirm the judgment of the trial court.
Judgment affirmed.
BRYANT, P.J., and WALTERS, J., concur.
[1] Both offenses occurred in Bellefontaine, Ohio.
[2] F.B.I. records do show that Appellant was charged with the offenses of simple assault and resisting arrest on April 15, 1990.
[3] It appears from the record that Appellant was a stranger to the victim.
[4] We note that at the time of the offense the victim was a recovering cancer patient and had recently undergone radiation therapy. The victim later succumbed to the disease.